## No. 699.

### The State *vs.* Joseph Colbert.

When a defendant, convicted under two separate indictments of larceny of a hog and of altering the mark of a hog, has pleaded the prosecution for the larceny in bar of the latter, but has failed to embody the facts in a bill of exceptions, and also failed to obtain from the judge a statement of the facts, so that the appellate court has no means of knowing whether the stealing and the altering were concurrent or simultaneous acts, and yet it is apparent from the language of the judge that both indictments were based on and grew out of the same facts, and the hog stolen was the hog altered, the court will remand the case to give the prisoner an opportunity of establishing his plea of *autrefois convict*.

Appeal from the District Court for Union.    Trimble, J.

*Vaughn*, District-Attorney, for the State.    *J. S. Youny*, for defendant.

Spencer, J.    The defendant was indicted, tried, and convicted of the crime of altering the mark of a hog and sentenced to two years at hard labor and appealed to this court.

He filed a plea of former conviction of larceny upon the same state of facts, to wit, in the cast of The State *v.* Joseph Colbert, just decided by us, No. 698.

To make good this plea it should have been made to appear that the hog which he was charged to have stolen in case No. 698 was the identical hog, the mark of which he is charged with altering — in this case — and that the taking in the one case, and the altering of mark in the other, were concurrent and as it were, simultaneous acts.

There is no bill of exception embodying the facts " no statement of facts " made as such by the court.    There is in the record the opinion delivered by the judge overruling the plea.    But we do not understand this " opinion " to be a " statement of the facts " which were shown on the trial of the plea.    It does not even appear, only inferentially, that the record in 698 was offered, or that any other necessary fact to establish the defence was shown.    It is plain that even if the record in 698 had been offered, there would have been necessary some other proof to show the identity of the hog in the one case, with the hog in the other case.    In the one case the charge is " stealing a hog the property of U. S. Tisdale."    In the other it

is " altering the mark of a hog the property of U. S. Tisdale." How could a court presume that both indictments referred to the same hog? or that the " taking " and the " altering " were simultaneous or concurrent acts. We know no law that could justify us in such a presumption. Even treating the opinion of the judge as being a statement of facts, which we do not think we ought to do, still we do not find any distinct and direct statements from which we can infer the necessary facts.

*The judgment was affirmed*, DE BLANC *and* EGAN, J.J. *dissenting, but a rehearing having been asked and granted, the Court " out of mercy to the accused, and to afford him an opportunity to remove the doubt whether the same facts gave rise to the two indictments," remanded the case.*